IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dwayne Eddie Starks, <br><br> Petitioner, <br><br> v. <br><br> Warden Lee Correctional Institution, <br><br> Respondent. | Case No.: 6:19-CV-02300-SAL <br><br><br> **ORDER** |

      This matter is before the Court for review of the May 12, 2020 Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). In the Report, the Magistrate Judge recommends that the Court grant Petitioner's unopposed Motion to Stay, ECF No. 48, where the Supreme Court of South Carolina recalled a remittitur in Petitioner's post-conviction relief proceedings by order dated March 4, 2020. *See* ECF No. 48-1, 50 at 2. No party filed objections to the Report, and the time to do so has lapsed.

      The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, Petitioner's Motion to Stay, ECF No. 48, is GRANTED so that Petitioner may exhaust state court remedies. The Court holds Petitioner's habeas petition in abeyance pending exhaustion of his state court remedies. Petitioner is directed to notify this Court in writing within thirty (30) days after his state court remedies have been exhausted.

    IT IS SO ORDERED.

                   /s/
June 8, 2020            Sherri A. Lydon
Columbia, South Carolina      United States District Judge